8391

TILLMAN v. TILLMAN.

1. PARTY—JUDGMENT.—A father who has conveyed to another the custody of his children is bound by the decree in a proceeding instituted by the mother against his grantee, where he submits an affidavit in that proceeding insisting on the claim of his grantee.

2. PARENT AND CHILD.—The judgment of the Court as to the custody of a child is never final, for the Court must at all times be free to

act upon such vital change of condition as require a change of custody.

3. IBID.—Where the father has been adjudged responsible for the situation which required the Court to give his children into the custody of the mother, he cannot demand the custody unless he shows she has become unfit for their custody. That the mother since such adjudication has joined the Catholic Church, or that she has obtained a divorce since the Court adjudged the separation due to the fault of the husband, or that she has refused to accede to the husband's requests for reconciliation, do not of themselves so render her unfit to keep the children.

4. IBID.—In view of the changed condition of the father, subject to the further order of the Court, the children are left in the custody of the mother on condition that both parents enter into a bond conditioned for not removing the children beyond the jurisdiction of the Court, and that the father shall have the custody of them for certain periods of the year.

Petition in the original jurisdiction of this Court by B. R. Tillman, Jr., against Mrs. Lucy Dugas Tillman, *alias* Mrs. Lucy Dugas.

*Messrs. Tillman & Mays,* cite: *Former conduct of petitioner should not avail against his present conduct:* 73 S. C. 304; 101 Pac. 741; 16 Idaho 441; 33 Am. R. 868; 9 A. & E. Dec. in Eq. 93. *Rights of a competent and fit father:* 72 S. C. 19; 73 S. C. 296; 82 S. C. 340; 75 S. C. 220; 19 S. C. 604; 6 Rich. 344, 252; 11 Rich. 370; 54 S. C. 392; 2 A. S. R. 48; 29 A. S. R. 843; 44 A. S. R. 471; 9 A. & E. Dec. in Eq. 79. *Petitioner is not estopped by his former deed:* 9 A. & E. Dec. in Eq. 99. *What is public policy:* 25 Ark. 625; 157 N. Y. 1; 70 Fed. 201; 21 Fed. 299; 2 How. 127. *Public policy of this State is against divorce:* 1 Hill 10; 2 Strob. L. 11; 44 S. C. 203. *Right of access to children:* 29 Cyc. 1585; 30 L. R. A. 146.

*Messrs. S. M. G. Simkins* and *DePass & DePass,* contra. *Mr. Simkins* cites: *There is no legal restraint here:* Heard

on Habeas C. 455; 15 Ency. 150, 185. *Status of petitioner under deed to his parents:* 84 S. C. 563; 82 S. C. 338; 9 Ency. 245; 54 Ga. 9; 27 L. R. A. 56. *Duty of Court in awarding custody:* 76 S. C. 153; 82 S. C. 339; 6 Rich. 348; 73 S. C. 296; 19 S. C. 605. *Rights of the mother:* 21 Ency. 332; 11 Rich. 452; 9 Ency. 244; 84 S. C. 567; 11 Rich. 326; 82 S. C. 339. *To warrant change in custody there must be a material change in conditions:* 84 S. C. 566; 67 L. R. A. 783. *Burden of proof of change is on petitioner:* 72 S. C. 20.

December 9, 1912. PER CURIAM. Benjamin R. Tillman, Jr., has filed his petition in this Court, praying that the Court, under a writ of *habeas corpus,* require the respondent, Lucy Dugas Tillman, to surrender to him the custody of his two infant children, Douschka Pickens Tillman and Sarah Stark Tillman. Under an order made by the Chief Justice, the respondent has made her return to the petition, and the petitioner has traversed certain allegations of the return. Numerous letters, affidavits, and other exhibits have been submitted, and some issues of fact have been made.

Consideration of the entire record has led the Court to a clear conviction as to the material facts, and there is no room for difference of opinion as to the law. This being so, in view of the importance of an immediate adjudication, the cause will not be delayed for extended discussion.

Benjamin R. Tillman, Jr., and Lucy Dugas were married on 29th December, 1903, and had the two children whose custody is here involved. On 1 December, 1909, B. R. Tillman, Jr., executed a deed purporting to give the custody of the children to his father and mother, Hon. B. R. Tillman and Mrs. S. S. Tillman, and turned over the children to them. On 24th January, 1910, Mrs. Lucy Dugas Tillman instituted *habeas corpus* proceedings for the recovery of their custody, and this Court, on 15th February, 1910,

adjudged "that the respondents, B. R. Tillman, Sr., and his wife, Mrs. S. S. Tillman, deliver up the children to the petitioner, Mrs. Lucy Dugas Tillman, and that she have and retain the custody of them during their minority or until it be otherwise adjudged." *Ex parte Tillman,* 84 S. C. 552, 66 S. E. 552.

It is true that B. R. Tillman, Jr., was not a formal party to that proceeding, but he submitted an affidavit therein making no claim on his own behalf, and insisting on the claim of his father and mother, to whom he had solemnly conveyed all his rights of custody. It is clear that by this action he became bound by the decree rendered in the former proceeding. But that decree expressly declared, in accordance with the well settled law, that an application might be made for a change of custody "upon proof of such material change of conditions as to make such a step proper."

The judgment of a Court as to the custody of a child is never final, for the Court must at all times be free to act upon such a vital change of conditions as requires a change of custody. But it is none the less true in this case, that the father, having been adjudged responsible for the situation which required the Court to give the custody to the mother; he cannot demand that the children be taken from her unless he shows her to have become unfit for their custody. This we think he has not done.

There can be no doubt that the mother is giving to the children the most affectionate and assiduous care. The fact that she has joined the Catholic church is nothing against her, nor is it for a Court to adjudge it an injury to the children. It is regrettable that the religious influence should not be that with which the father is sympathetic; but it would doubtless be just as regrettable to the mother for the children in the custody of the father to be under religious influences with which she is not sympathetic.

The Court cannot say that the respondent has become unfit to rear her children because she obtained a divorce after this Court had adjudged that her separation from her husband was due to his fault. It is true that divorce is against the legislative policy of this State, as expressed by the prohibition of the Constitution, but in the face of the opposite sentiment of the vast majority of the peoples of the civilized world, it would be arrogant for this Court to say that the mere act of obtaining a divorce is so bad as to show unfitness for maternal duties and obligations.

Nor can the inference of unfitness be drawn from the refusal to accede to the petitioner's requests for a reconciliation. A real reunion in life and settlement is most desirable, and it is commendable in petitioner that in his letters he frankly acknowledges his errors and expresses his desire for a reunion. But it would be most harsh judgment to hold that the conditions are so changed that respondent is not fit for the custody of the children because she refuses to enter into a loveless reunion.

Without more detailed discussion, we acquit the respondent of such charges as render her unfit for the custody of her children.

But there are some features of the respondent's conduct towards the petitioner which the Court cannot approve and which it will by its order correct. Whatever may have been the sins of the petitioner against his wife, he has suffered for them severe penalties. The Court can not doubt, and it sees no reason for the mother of his children to doubt, that he has deeply repented of the wrongs he has done, and that, under severe temptation to fall, he has left off drinking and become a sober and earnest man. Some of his letters to the respondent are no doubt inept in sentiment and unfortunate in expression, but certainly none of them are so offensive as to warrant a refusal to give him information directly about his children. The record shows that the petitioner has by his conduct for three years won

his right to respectful, considerate treatment at the hands of the mother of his children, at least with respect to them; and it is to be greatly regretted that he has not been accorded by the respondent the opportunity for such association with his children as the Court regards, under all the circumstances, reasonable and proper.

This Court is of opinion that the petitioner should have the children in his home for two months of the summer vacation season of each year, one-half of the Christmas holidays, and one week in the spring at such time as may be found most convenient, subject to the right of the mother to have them with her at all times in case of their illness. We are of the opinion, also, that in the intervals the petitioner should be allowed to be with his children with reasonable frequency under conditions not unpleasant to him. We make no order at this time as to details, in the confidence that the parties or their counsel will be able to agree on the particulars, and at an early day submit a proper order to the Court.

These provisions will be subject to alteration as the children advance in years, especially when the time comes for them to be sent away to school. But the hope is indulged by the Court that all future contingencies may be met in a spirit of mutual accommodation and provided for by agreement of the parties, without appeal to the Court.

It is ordered that the children shall remain subject to the jurisdiction of this Court and that the petitioner and the respondent do enter into an undertaking with sufficient surety, to be approved by the clerk of this Court, in the sum of $5,000, conditioned that they will not remove the children nor procure their removal beyond the jurisdiction of the Court.

If the parties to this deplorable controversy will think less of the enforcement of their legal rights and more of the forbearance and liberality which personal dignity, to say nothing of the Christian charity which both profess, requires that

they should exercise in carrying out the spirit of this decree, there will be no need for further litigation. Surely, nothing could so alleviate the misfortune of these children as courtesy, forbearance, and charity of their parents towards each other.

It is adjudged that the respondent retain the custody of the children until the further order of the Court, subject to the limitations and conditions herein set out, and subject to such orders as the Court may hereafter make.